Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50096 | **DATE** | January 26, 2001 |
| **CASE TITLE** | KOBLER v. CENTRAL AMERICAN LIFE ASSURANCE CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached opinion, it is hereby ordered that Plaintiff withdraw his motion for voluntary dismissal or file a stipulation of dismissal with regard to Counts II, III and IV within seven days of receipt of this opinion. It is the Report and Recommendation of the Magistrate that Plaintiff's motion to remand as to Count I be denied. The parties are given ten days from service of this order, as calculated under Rule 6, to appeal the Magistrate's recommendation to Judge Philip G. Reinhard, pursuant to Rule 72 of the Federal Rules of Civil Procedure.

(11) ■ [For further detail see attached order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | JAN 2 5 2001 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | date mailed notice |
| TML | courtroom deputy's initials | 2001 JAN 26 PM 3:55 | mailing deputy initials |
| | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT FILED-WD
FOR THE NORTHERN DISTRICT OF ILLINOIS 2001 JAN 26 PM 3:56
WESTERN DIVISION

CLERK
U.S. DISTRICT COURT

DOCKETED
JAN 26 2001

| | |
|---|---|
| DAVID KOBLER, | |
| Plaintiff, | Case No. 00 C 50096 |
| v. | Philip G. Reinhard |
| | P. Michael Mahoney |
| CENTRAL LIFE ASSURANCE COMPANY and its GROUP HEALTH BENEFIT and/or LIABILITY PLANS, n/k/a AMERUS, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Plaintiff has moved to voluntarily dismiss Counts II, III, and IV of his complaint conditioned on his case being remanded to the state court from which it was removed. Defendant has agreed that Counts II, III and IV should be dismissed but objects to the remaining count being remanded to state court. The Magistrate recommends that Plaintiff's motion to remand be denied and that Plaintiff be allowed to withdraw his motion to dismiss Counts II, III and IV

Count I of Plaintiff's complaint alleges that Plaintiff is a citizen of the State of Illinois and that Defendant, Central Life Assurance Co., is a corporation authorized to do business in Illinois, with an office in Rockford, Illinois. (Sixth Amended Complaint at ¶¶ 1 and 2, filed April 3, 2000). Plaintiff's complaint alleges that Plaintiff was employed by Central Life as an outside insurance salesman and that as such he was entitled to coverage under Central Life's employer's liability insurance plan. (Sixth Amended Complaint at ¶¶ 5 and 6, filed April 3, 2000). Plaintiff's claim in Count I is based upon his alleged work related illness (cardiovascular disease and heart attack) and Defendants' failure or refusal to pay the benefits to which Plaintiff was entitled. (Sixth Amended

Complaint at ¶¶ 10-16, filed April 3, 2000). Plaintiff alleged Defendant, Central Life, failed to inform him of the details of the insurance coverage and that he was eligible under their Voluntary Compensation Endorsement. (Sixth Amended Complaint at ¶¶17-23, filed April 3, 2000). Further, Plaintiff asserted that his claim for benefits was not submitted by Central Life to its insurer, or if it was submitted, then benefits were wrongfully withheld. (Sixth Amended Complaint at ¶24, filed April 3, 2000). Finally, Plaintiff claims that Defendant breached its contract with Plaintiff by failing to provide him with insurance coverage for accidents or illnesses during employment, or by failing to inform Plaintiff of the conditions or prerequisites for filing a claim for benefits. (Sixth Amended Complaint at ¶25, filed April 3, 2000). Plaintiff claims in excess of $250,000 in damages as a result of Defendant's breach of contract. (Sixth Amended Complaint at ¶26, filed April 3, 2000).

Plaintiff seeks to voluntarily dismiss the counts of the complaint that raise federal issues, Counts II, III and IV, and remand the remaining count to state court. Plaintiff admitted in his motion that "Based upon Defendant's answers to discovery, it appears that there is no legal basis for Plaintiff's claims for coverage under an ERISA/COBRA covered plan and Plaintiff seeks to voluntarily dismiss Counts II, III and IV of his complaint." (Motion for Remand and Motion for Voluntary Dismissal at ¶5, filed November 2, 2000). Plaintiff states that if Counts II, III and IV are dismissed, the remaining claim is a state law contract claim and he requests that the court abstain from asserting or retaining jurisdiction. (Motion for Remand and Motion for Voluntary Dismissal at ¶6 and 7, filed November 2, 2000).

Defendant objects to Plaintiff's motion to remand, on the basis that this court does have jurisdiction over this case, based upon diversity. (Defendant's Objection for Plaintiff's Motion to Remand at 2, filed January 23, 2001). Defendant claims that it is a corporation and pursuant to 28

2

U.S.C. §1332(c) it is a citizen of the state in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. §1332(a) provides "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States;" 28 U.S.C. §1332(a). That section further provides

> For the purpose of this section and section 1441 of this title (1) a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business, except in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen as well as by any state by which the insurer has been incorporated and of the state where it has its principal place of business;" 28 U.S.C. 1332(c).

Pursuant to §1332(c), Defendant is a citizen of the state of Iowa. (Defendant's Objection for Plaintiff's Motion to Remand at 2, filed January 23, 2001). Plaintiff is a citizen of Illinois. (Defendant's Objection for Plaintiff's Motion to Remand at 2, filed January 23, 2001, citing Ex. B, Tr. Pl. Dep, at 6). This action does involve a sum greater than $75,000; Plaintiff's complaint alleges damages in excess of $250,000. (Sixth Amended Complaint at ¶26, filed April 3, 2000). Defendant further points out that §1447(c) requires that motions to remand be filed within thirty days of the filing of the removal notice. 28 U.S.C. §1447(c). In this case, Defendant filed a notice of removal on March 24, 2000, more than seven months prior to Plaintiff's filing of his motion to remand.

In his reply, Plaintiff states that a remand is appropriate because Defendant had ample opportunity while this case was pending in state court to remove on the basis of diversity jurisdiction and failed to do so. (Plaintiff's Reply at 1, filed January 11, 2001). Also, Plaintiff argues that this court lacks the jurisdiction to hear this case under §1332(c) because the parties are not diverse.

(Plaintiff's Reply at 2, filed January 11, 2001). Plaintiff claims that §1332(c)'s provision regarding insurance companies is applicable in this case and works to defeat the diversity of the parties. Plaintiff states "Subsection (c) of §1332 provides that in a direct action against an insurer on policy or contract of insurance, the insurer shall be deemed a citizen of the state which the insured is a citizen for determining diversity. Here, Plaintiff is a citizen of Illinois, and is the insured for purposes of the instant suit on the policy; thus, there is no diversity of citizenship." (Plaintiff's Reply at 2, filed January 11, 2001).

As to Plaintiff's first argument, §1447(c) provides "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. 1447(c). Therefore, while Plaintiff may have had a valid claim to remand due to Defendant's failure to state diversity jurisdiction as the basis for removal, Plaintiff cannot make that claim now, more than seven months after the notice of removal has been filed. At this point, the only valid cause for removal is a lack of subject matter jurisdiction. If this court has jurisdiction, the case should not be remanded. This leads to Plaintiff's second argument that subject matter jurisdiction is lacking.

Plaintiff's argument as to the lack of subject matter jurisdiction is specious. The provision that Plaintiff cites to, §1332(c), is to be construed narrowly. *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6 (1989). That provision "was intended to eliminate diversity jurisdiction for 'suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant." *Searles V. Cincinnati Ins. Co.*, 998 F.2d 728, 730 (9th Cir. 1993) citing *Northbrook Nat'l Ins. Co. v. Brewer*, 110 S. Ct. at 299 (1989). Plaintiff here seeks to distort the nature of the

4

provision to allow him to defeat diversity jurisdiction in a suit by an employee against his employer. Plaintiff appears to claim that he is the insured as the proposed recipient of benefits under a claim against his employer's liability insurance. Plaintiff must then also claim that Defendant, his employer and purchaser of the employer's liability policy is the insurer. While Defendant is an insurance company, it is not the insurer for the purposes of §1332(c). The insurer is the company that issued the policy and not the Defendant who purchased the policy. The insurer is not a party to this litigation and the complaint does not allege wrongdoing by the insurer. Further, Plaintiff is not the insured. The insured, within the meaning of §1332(c) is Central American. It is Central American who purchased the employer's liability policy under which Plaintiff sought benefits.

Pursuant to §1332(c), Defendant is a State of Iowa. Defendant is a company that just happens to sell insurance and is incorporated and headquartered in the State of Iowa. Plaintiff is a citizen of Illinois. Defendant claims that diversity jurisdiction exists and Plaintiff does not contest the fact that he is a citizen of Illinois, that Defendant is incorporated in Iowa and has a principal place of business in Iowa, or that the amount in controversy exceeds $75,000. Therefore, Plaintiff's motion to remand should be denied.

In addition to the motion to remand, Plaintiff also sought to voluntarily dismiss Counts II, III and IV. Plaintiff's motion to dismiss appears conditioned upon this court's allowing his motion to remand Count I to state court. At this point, Defendant's motion for summary judgment on Counts II, III and IV is pending and Plaintiff has notified this court that he does not intend to file a brief in response to that motion. Plaintiff should be given the opportunity to withdraw his motion to dismiss Counts II, III and IV, or to submit a stipulation of dismissal pursuant to Rule 41. Fed. R. Civ. Pro 41(a)(1)(ii). This should be done in seven days of receipt of this opinion.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that Plaintiff either withdraw his motion to dismiss as to Counts II, III and IV or enter a stipulation of dismissal within seven days of receipt of this opinion. As to Plaintiff's motion to remand, it is the Report and Recommendation of the Magistrate that Plaintiff's motion to remand be denied. Parties are given ten days from service of this order, as calculated under Rule 6, to appeal to Judge Philip G. Reinhard, pursuant to Rule 72 of the Federal Rules of Civil Procedure.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 1/26/01